[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13909

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRELL MAURICE MARS,
a.k.a. Maurice Mars,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 4:08-cr-00040-CDL-MSH-3

_____

Before JILL PRYOR, BRANCH, and LAGOA, Circuit Judges.

PER CURIAM:

Terrell Mars, *pro se*, appeals the district court's denial of his *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as modified by § 603(b) of the First Step Act.[1] He argues that the district court abused its discretion in finding that his medical conditions did not constitute extraordinary and compelling reasons because his medical conditions made him susceptible to contracting COVID-19. He also notes that the district court denied him counsel, asserting it was impossible for him to properly present his arguments below. In the summary of the case in his opening brief, he states that he is not a danger to the community and that the 18 U.S.C. § 3553(a) factors weighed in favor of his release, noting his recent conduct, disciplinary history, and rehabilitation are better indicators of the risks that he poses upon his release.

We review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for an abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). We liberally construe *pro se* filings. *United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009). And we review the district court's decision not to appoint counsel for abuse of discretion. *Id.* at 793.

---

[1] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194.

District courts lack the inherent authority to modify a term of imprisonment but may do so within § 3582(c)'s provisions. 18 U.S.C. § 3582(c); *United States v. Jones*, 962 F.3d 1290, 1297 (11th Cir. 2020), *cert. denied*, 141 S. Ct. 2635 (2021). As amended by § 603(b) of the First Step Act, § 3582(c) now provides, in relevant part, that:

> the court, upon motion of the Director of the Bureau of Prisons [("BOP")], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

As we recently explained, to grant a reduction under § 3582(c)(1)(A), a district court must find that three necessary conditions are satisfied, which are: "support in the § 3553(a) factors, extraordinary and compelling reasons, and adherence to [U.S.S.G.] § 1B1.13's policy statement." *United States v. Tinker*, 14 F.4th 1234, 1237–38 (11th Cir. 2021). District courts do not need to

address these three conditions in any particular sequence, as the absence of even one forecloses a sentence reduction. *Id.*

Under § 3553(a), a district court's sentence must be "sufficient, but not greater than necessary," to achieve the goals of sentencing, which include: reflecting the seriousness of the offense; promoting respect for the law; providing just punishment; deterring future criminal conduct; protecting the public; and providing the defendant with any needed training or treatment. § 3553(a)(2)(A)–(C). Section 3553(a) also requires district courts to consider the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of sentences available, the Sentencing Guidelines, any pertinent policy statement, the need to avoid disparate sentences, and the need to provide restitution to any victims. § 3553(a)(1), (a)(3)–(7). The district court is not required to discuss each of the § 3553 factors or address all mitigating evidence. *Tinker*, 14 F.4th at 1241. "Instead, an acknowledgement by the district court that it considered the § 3553(a) factors and the parties' arguments is sufficient." *Id.* Further, "[t]he weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court." *Id.* (quoting *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016)).

We have held there is no constitutional or statutory right to the appointment of counsel for 18 U.S.C. § 3582(c)(2) motions. *Webb*, 565 F.3d at 794–95. However, we have stated that equitable concerns, such as the complexity of the issues involved on appeal,

may "make the appointment of counsel appropriate to ensure a just outcome" in § 3582(c)(2) proceedings. *Id.* at 795 n.4.

"When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). A legal claim or argument not briefed before us is deemed forfeited, and its merits will only be addressed in extraordinary circumstances. *United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. Feb. 22, 2022) (en banc). An appellant abandons a claim when, for example, he refers to it only in the "statement of the case" or "summary of the argument" without further elaboration. *Sapuppo*, 739 F.3d at 681. We do not consider arguments made for the first time in an appellant's reply brief, even if the appellant is proceeding *pro se*. *United States v. Montenegro*, 1 F.4th 940, 944 n.3 (11th Cir. 2021); *Sapuppo*, 739 F.3d at 683.

Here, Mars forfeited his challenge to the district court's finding that the § 3553(a) factors do not support his compassionate release. Because the denial of his motion was based on both extraordinary and compelling reasons and the § 3553(a) factors, Mars needed to convince us that each of those grounds were incorrect. However, Mars did not challenge the § 3553(a) factors in the argument section of his opening brief. Instead, he stated in a single sentence in the statement of the case section of his brief that the factors weighed in favor of release without any elaboration. Further, his

challenge of the factors in his reply brief does not cure the issue. Similarly, because Mars asserts only in passing that the district court erred in denying his request for appointing him counsel, he has abandoned that issue.

In any event, we conclude that the district court did not abuse its discretion in weighing the § 3553(a) factors. The court concluded that Mars's release would not reflect the seriousness of the offense or his violent and extensive criminal history, promote respect for the law, serve as a deterrent, or provide just punishment for his crimes. The district court noted that this was his third bank robbery offense, that his previous sentences had not deterred him, and that, while he had made rehabilitative efforts and served the majority of his sentence, that did not render the remainder of his sentence meaningless. And the court also considered the need for adequate medical treatment.

Finally, the district court did not abuse its discretion in declining to appoint counsel for Mars because he did not have a constitutional right to counsel and because his compassionate release motion was not a complex issue.

AFFIRMED.